IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES | § | |
| | § | |
| vs. | § | DOCKET NUMBER |
| | § | 3:14CR 293-M |
| | § | |
| JOHN WILEY PRICE | § | Judge Barbara M. G. Lynn |
| KATHY LOUISE NEALY | § | |
| DAPHENY LOUISE FAIN | § | |

## DEFENDANT KATHY LOUISE NEALY'S
## NOTICE REGARDING DISCOVERY ISSUES

TO THE HONORABLE JUDGE OF SAID COURT:

Counsel for Kathy Louise Nealy files this Notice Regarding Discovery Issues so that the Court may be advised of circumstances that are being encountered in the review and assessment of discovery in preparation for trial.

As the Court is well aware, several terabytes of materials have been uploaded by the Federal Public Defender's Office. To counsel's understanding, the process of loading those materials is almost completed but is not yet finalized. The fact that the uploading has not yet been completed means that searches that have been conducted to date may need to be re-done to include the more recently added materials.

Relying upon the Summation searches presents another concern. Counsel for Defendant Nealy does not know the universe of subpoenaed documents. While the government recently produced an index of the entities which were served subpoenas, no information was provided as to the documents requested and produced. As a result, we don't know the extent of the production from those entities. Unlike traditional hard copy production, we don't know that there are 10 banker boxes of materials through which counsel could search. If the searches are not producing the responsive documents, it is not possible to determine whether the search is simply not being done well or whether the documents are not in the database.

For example, did the government seek and obtain production of internal emails of the companies named in the indictment relating to the various Requests for Proposals? Counsel has been able to find emails relating to Ms. Nealy.[1] But, it is not clear whether there are internal emails between company representatives about these proposals that do not include Ms. Nealy in the email chain. It is not productive for counsel to expend valuable time searching for such emails unless it is known that they exist somewhere within the loaded documents.

Conversely, if such email exchanges are not within the documents obtained by the government, counsel would need to be able to make an informed decision as

---

[1] Counsel can cite other specific searches which have been conducted to illustrate the impact of this problem. Because disclosure of those searches would reveal information covered by the attorney-client or attorney work product privilege counsel believe this should be done *Ex Parte*.

to whether an additional subpoena needs to be issued to seek those documents. Without some description of the materials obtained from the subpoenaed entities, it is not possible for informed decisions to be made as to the effectiveness of the searches in actually retrieving the relevant documents.

Counsel requested that government attorneys provide copies of all subpoenas and any agreements to limit production requiring the production of documents be produced to the defendants so that the "universe" of the uploaded materials could be known. Counsel explained that having such a definition of the universe of documents would allow for more efficient and effective searches. The government refused that request citing grand jury secrecy and fairness to the prosecution.

The Summation searches have proven to be difficult and very time consuming. For example, a global search using just the company name Schlumberger was conducted. The first documents that were returned, indicating the highest degree of responsiveness to the search term were assessments of minority contracting programs. Those documents were the Missouri Minority Contracting Report; the Illinois Disparity Study; the Connecticut Disparity Study; the State of New York Disparity Study; Maryland's study of disparity; and such a study by the city of Minneapolis. Another highly "responsive" document was a "Current Case Law Update: Gerry Beyer, Probate, Trusts & Estates Section" written in 2006. Each

of these documents can take several minutes to download in order to actually identify the document.

Another problem has been encountered with respect to the Summation searches. Obviously, the financial transactions between Ms. Nealy and Commissioner Price are an integral component of this prosecution. Consequently, it is imperative that counsel retrieve and schedule the bank accounts which are referenced by the government in the indictment. Counsel for Ms. Nealy have not been able to retrieve from Summation a discrete production of the various bank accounts. This situation has complicated counsels' ability to develop schedules of the bank accounts.

Ms. Nealy's counsel have decided to address this situation by copying the DVDs that were produced to the Federal Public Defender's Office by the government. However, it is anticipated that through this approach, counsel will at least be able to retrieve bulk bank documents and develop some definition of the universe of documents that were produced.

Clearly, it is essential that counsel for the defendants have an understanding of the government's case to identify the investigative steps that are necessary for the preparation of the defense. Obviously, before any interviews are even considered for representatives of the named corporations, the documents relating to those corporations need to be reviewed. But if counsel don't have information as to what

documents have been produced and then can't retrieve those documents, the ability to identify investigative steps has been effectively blocked.

Counsel for Ms. Nealy is submitting this Notice Regarding Discovery Issues to advise the Court of the difficulties that are being encountered in reviewing the materials that were amassed by the government over, at least, a six-year period. While it was always anticipated that such a review would be demanding, it has turned out to be much more daunting than expected.

Respectfully submitted,

*/s/ Cheryl Brown Wattley*

Cheryl Brown Wattley
Law Office of Cheryl B. Wattley
3737 Atlanta Street
Dallas, Texas 75215
214.882.0855
cheryl.brown.wattley@gmail.com

Russell Wilson II
Law Offices of Russell Wilson, II
1910 Pacific Avenue, Suite 15100
Dallas, Texas 75201
469.573.0211
Attyrwilson@msn.com
Attorneys for Kathy Louise Nealy

## CERTIFICATE OF SERVICE

  I hereby certify that on April 15, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: AUSAs Walt Junker, Katherine Miller, and Nick Bunch, 3rd Floor, 1100 Commerce, Dallas, Texas 75242; and all other counsel of record.

                *Russell Wilson, II*
                Russell Wilson, II